JOHN D. KNOX & CO. v. COMMISSIONERS OF SHAWNEE COUNTY.

BANKERS; TAXATION; *Deposits.* Under section 23, chapter 34, laws of 1876, a private banker is subject to taxation upon the average amount of deposits used by him in his business.

*Error from Shawnee District Court.*

INJUNCTION, brought by *Knox & Co.*, to restrain the collection of certain taxes. The plaintiffs were private bankers, doing business at the city of Topeka. They listed and returned their personal property for taxation for the year commencing 1st March 1877, "but did not include therein, nor mention therein, the average amount of moneys or funds deposited in their bank used by them in their business of banking during the year next preceding the 1st. of March 1877, nor any part thereof, except so much of said deposits as was deposited by plaintiffs themselves." Taxes were duly levied upon the assessed value of the property so listed and returned, and duly paid by plaintiffs. In November 1877, complaint was made to the *Board of County Commissioners*, alleging that *Knox & Co.* had not listed all the personal property in their hands subject to taxation, and such board summoned *John D. Knox* to appear before them and answer, as provided by § 70 of the tax law of 1876. *Knox* appeared and answered, and thereupon the county board made the following order:

"The statement of John D. Knox shows that the average amount of deposits in the bank of J. D. Knox & Co., from March 1st 1876, to March 1st 1877, used in discounting notes and negotiable paper, buying bonds and tax-certificates, was $18,807.73. As none of this capital thus used was included in the personal-property return of J. D. Knox & Co. for the year 1877, it is therefore ordered, that the said J. D. Knox & Co. be and they are hereby assessed with the further amount of $9,403, and the county clerk is directed to charge the same on the tax-rolls of 1877."

Pursuant to this order, *Knox & Co.* were charged on the

proper tax-rolls with said additional assessment of $9,403, and the taxes levied and apportioned on said amount were $362.01.    Plaintiffs brought suit to enjoin the collection of this tax of $362.01.    The district court, at the May Term 1878, held that the proceedings of the county board, and said tax, were legal, and gave judgment in favor of defendant.    Plaintiffs bring the case here.

*J. G. Stonecker*, for plaintiffs.

*A. H. Vance*, county attorney, for defendant.

The opinion of the court was delivered by

BREWER, J.: The question involved in this case is simply this: Are private bankers liable to taxation upon the average amount of deposits used by them in their business?    The question arises under section 23, chapter 34, laws of 1876, which reads thus:

"Every private bank, banker, broker, building [and] loan and trust association, shall list and return the average amount of capital invested in such business during the year next preceding the first day of March preceding the time required for listing personal property, whether such capital is in the form of a deposit in such bank, or otherwise."

The question must be answered in the affirmative.    The language is not perhaps entirely free from doubt, and yet points strongly in that direction; and such construction harmonizes with the general policy of the tax law.    Counsel for plaintiffs lays stress on the phrase "capital invested," and says that that can only mean the capital put into the concern by the banker himself, and in consequence would limit the last clause to such capital.    He would make the clause read, "whether such capital is in the form of a deposit *by him* in such bank, or otherwise."    We think this distorts and narrows the meaning of the statute.    It aims to reach all the moneys used in the banking business, whether moneys owned by the banker before engaging in business, or borrowed by mortgage, loan, or obtained from depositors as deposits.    If it aimed to reach only the banker's original capital, or capi-

tal and profits, the last clause never would have been added. In this respect it harmonizes with the rule respecting taxation of merchants and manufacturers. (See art. 5 of said ch. 34.) They are required to list the average amount of stock on hand during the year, irrespective of the question whether it is all paid for, or all bought and held on credit. If a merchant is doing business entirely on credit, he is nevertheless taxed on the stock he has thus bought. Suppose he buys and keeps on an average a stock of $10,000: he is required to list that amount, although all the time he may owe the entire sum to the parties from whom he makes his purchases. So, when a banker having no capital of his own, (and when the assessment-roll is examined it is astonishing to see how little capital bankers have!) borrows money in the way of deposits, and engages in business on such deposits, he is treated exactly as the merchant, if he is taxed upon the average of such deposits. And such deposits being money, the average amount is the average value. The fact that he owes the depositors, is no more reason for exemption, than the fact that the merchant owes for his stock. Again, the intention of the legislature is made more clear by sec. 6 of said tax law. That authorizes a deduction of debts from credits, "provided, such debts are not owing to any person, company or corporation as depositors in any bank or banking association, or with any person or firm engaged in the business of banking, in this state or elsewhere." In other words, the banker may not call his deposits "debts," and deduct the same from his *credits*. This shows that the legislature intended to make him pay on his deposits, at least so far under section 23 as he uses them in his business. In this legislation the legislature has but followed the express mandate of the constitution. Section 2, art. 11, of that instrument reads:

"The legislature shall provide for taxing the notes and bills discounted or purchased, moneys loaned, and other property, effects, or dues of every description, (without deduction,) of all banks now existing, or hereafter to be created, and of all bankers; so that all property employed in banking

shall always bear a burden of taxation equal to that imposed upon the property of individuals."

The judgment of the district court will be affirmed.

All the Justices concurring.